UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHARLES TERHUNE, | Plaintiff, |
| v. | Civil Action No. 3:20-cv-611-DJH-CHL |
| LESLIE K. COOKSEY and AAA COOPER TRANSPORTATION, | Defendants. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Leslie K. Cooksey and AAA Cooper Transportation moved to exclude the testimony of Plaintiff Charles Terhune's expert witnesses in this personal-injury action. (Docket No. 26) The Court referred the motion to Magistrate Judge Colin H. Lindsay for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 34) Judge Lindsay issued his Findings of Fact, Conclusions of Law, and Recommendation on January 3, 2022, recommending that Defendants' motion be granted. (D.N. 38) Terhune timely objected. (D.N. 39) For the reasons explained below, the Court will overrule Terhune's objections and adopt Judge Lindsay's report and recommendation, granting Defendants' motion.

**I.**

This action arose from a car accident in March 2019 involving Terhune and Cooksey. (*See* D.N. 1-2) Although Terhune initially "felt fine" and denied needing medical assistance at the scene, he visited the hospital within hours of the accident due to a "burning sensation and pinching pain" in his lower back. (D.N. 26-3, PageID # 156; *see* D.N. 26-2, PageID # 150) He was later referred to Aptiva Health and began treatment with Dr. Steven Ganzel for his lower back pain in July 2019. (D.N. 20-1, PageID # 88–89; D.N. 26-3, PageID # 157–58) Ganzel performed a radiofrequency ablation (RFA) procedure in September 2019, and again in early 2021. (*See* D.N.

1

39-2; D.N. 39-3) The RFA procedure provides relief by cauterizing the nerves causing pain and can be repeated every six to twenty-four months if the nerves regenerate. (D.N. 28-1, PageID # 208; D.N. 28-2, PageID # 220–22)

Terhune initiated an action against Defendants in state court on August 3, 2020. (D.N. 1-2; *see* D.N. 26-2, PageID # 149) Defendants removed the action to this Court. (D.N. 1) On March 10, 2021, Terhune disclosed Registered Nurse Laura Lampton as an expert who would testify as to his expected future medical needs. (D.N. 20) In her expert report, Lampton asserted that Terhune would require RFA procedures every two years for the remainder of his life and estimated that these procedures would cost a total of $212,126. (D.N. 20-1, PageID # 94) Lampton stated that this frequency was based on Ganzel's recommendation. (D.N. 26-4, PageID # 164–66) Ganzel testified during his deposition, however, that "chances [we]re" Terhune would need the RFA procedure repeated but that Ganzel "ha[d] no idea" how long the most recent procedure would last because the effectiveness of the procedure varies among patients. (D.N. 28-2, PageID # 218–20) Further, Ganzel agreed that Terhune may never need the RFA procedure again. (*Id.*, PageID # 220, 223) When asked if he could "say with medical probability" whether Terhune would require the RFA procedure in the future, Ganzel responded that Terhune would need it "[i]f he's symptomatic." (*Id.*, PageID # 223; *see id.*, PageID # 226 ("I told him he doesn't need to come back until his symptoms recur.")) Ganzel also stated that Terhune "could" require the procedure every two years, although he did not know for certain. (*Id.*, PageID # 228 ("I don't know how many times they're going to need this. We just repeat it when they need it done.")) He noted that some patients will undergo the procedure three to five times until it becomes ineffective. (*Id.*, PageID # 229–30) When asked whether Terhune would "likely" stop responding to the procedure, Ganzel answered that he did not know. (*Id.*)

2

Defendants moved to exclude the opinions of Ganzel and Lampton that Terhune will need the RFA procedure every two years for the remainder of his life. (D.N. 26 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993))) In response, Terhune submitted an affidavit from Ganzel, signed eleven days after Defendants filed their motion. (D.N. 28-1) In the affidavit, Ganzel stated that "within a reasonable degree of medical probability, it is reasonable that Mr. Terhune will need to have the procedure repeated every 2 years for the rest of his [life]." (*Id.*, PageID # 209) Defendants requested that the Court "strike or ignore" the affidavit as procedurally improper. (D.N. 29, PageID # 249) The Court referred the matter to Judge Lindsay for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.N. 34) Judge Lindsay issued his report and recommendation on January 3, 2022, recommending that the Court exclude Ganzel's affidavit and grant Defendants' motion. (D.N. 38) Terhune timely objected. (D.N. 39)

**II.**

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge Lindsay's recommendation to which Terhune objects.[1]

---

[1] No party objects to the magistrate judge's finding that no evidentiary hearing is necessary to resolve the motion to exclude. (*See* D.N. 38, PageID # 287)

**A.     Ganzel's Affidavit**

Terhune submitted an affidavit in which Ganzel opined "with a reasonable degree of medical probability" that Terhune would require an RFA procedure at least every two years for the remainder of his life. (D.N. 28-1, PageID # 209)  Ganzel signed the affidavit eleven days after Defendants filed the motion to exclude. (*See* D.N. 28-1)  In their reply, Defendants request that the Court "ignore or strike" the affidavit as procedurally improper. (D.N. 29, PageID # 249)  Judge Lindsay concluded that the affidavit disclosed a new expert opinion regarding Terhune's need for future RFA procedures and should therefore be excluded as untimely.  (D.N. 38, PageID # 288–91)  Terhune objects, arguing that Ganzel's affidavit was submitted to clarify his deposition testimony, not express a new opinion.  (D.N. 39, PageID # 319–20)

Terhune disclosed Ganzel as a treating-provider expert witness, who would testify pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) as to "the future cost projection and report provided by Laura Lampton and the reasonableness and necessity of future care." (D.N. 20, PageID # 83) Throughout his deposition, Ganzel testified that "chances were" Terhune "could" require RFA procedures for the remainder of his life, but that he "d[id] not know" whether the procedure would continue to be effective or whether Terhune would need future RFA procedures. (D.N. 28-2, PageID # 218–30)  But in his affidavit—submitted more than two months after the deadline for supplementations and more than six months after the deadline for Terhune's expert-witness disclosures—Ganzel testified "within a reasonable degree of medical probability" that Terhune would require RFA treatments at least every two years for the remainder of his life. (D.N. 28-1, PageID # 209; *see* D.N. 16)

Courts "'have broad discretion to exclude untimely disclosed expert-witness testimony,' particularly when these reports serve as a 'transparent attempt to reopen' the *Daubert* inquiry after

4

the weaknesses in the expert's prior testimony have been revealed." *Baker v. Chevron U.S.A. Inc.*, 533 F. App'x 509, 520 (6th Cir. 2013) (quoting *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011)). Terhune argues that Ganzel's affidavit was offered only "to clarify" Ganzel's testimony. (D.N. 39, PageID # 320) But because Ganzel's affidavit contradicted rather than clarified his testimony, it constituted a new opinion regarding Terhune's need for future RFA procedures and is therefore untimely. *See Pluck*, 640 F.3d at 680–81 (affirming exclusion of expert witness's declaration because it contradicted the witness's prior opinion and was therefore untimely); *Brown v. Arch Wood Prot., Inc.*, No. CV 13-61-HRW-CJS, 2016 WL 10654052, at *2–3 (E.D. Ky. July 27, 2016) (striking expert testimony as untimely when the expert offered a "new opinion" that was not previously provided); *cf. Mayse v. Ethicon, Inc.*, No. 2:20-CV-125-KAC-CRW, 2022 WL 495238, at *2 (E.D. Tenn. Feb. 17, 2022) (permitting untimely supplementation of an expert witness's opinion because the expert's affidavit "present[ed] 'little, if any, new information'").

Exclusion is thus appropriate, as Terhune has not argued, much less shown, that his failure to timely disclose the opinion contained in Ganzel's affidavit was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Baker v. Chevron USA, Inc.*, 680 F. Supp. 2d 865, 878–79 (S.D. Ohio 2010), *aff'd sub nom., Baker*, 533 F. App'x 509 (excluding expert witness's affidavit when it contained "nothing . . . that could not have been presented to [the defendant] by the established date to serve expert reports"). Accordingly, the Court will not consider Ganzel's affidavit in evaluating the proper scope of his testimony. *See Pluck*, 640 F.3d at 680–81; *Baker*, 680 F. Supp. 2d at 878–79 (refusing to consider plaintiffs' "improper attempt to correct the

5

weaknesses and improprieties of [their expert's] original reports" when deciding defendant's *Daubert* motion).[2]

**B.  Expert Opinions**

Defendants argue that the opinions of Ganzel and Lampton should be excluded as unreliable under Federal Rule of Evidence 702 to the extent they discussed Terhune's purported need for RFA treatments at least every two years for the remainder of his life. (D.N. 26, PageID # 142–46)  Judge Lindsay recommended excluding the opinions on different grounds, concluding that Ganzel's opinion exceeded the scope of treating-provider testimony under Federal Rule of Civil Procedure 26(a)(2)(C) and that Lampton's opinion, which was based on Ganzel's opinion, was therefore inadmissible hearsay. (D.N. 38, PageID # 291–99)  Terhune objects, asserting that Ganzel's opinion as to his future need for RFA procedures was "formed during the course of treatment" and therefore should be admitted as proper treating-provider testimony. (D.N. 39, PageID # 306)  Terhune also contends that Lampton did not solely rely on Ganzel's opinion but also reviewed Terhune's medical records to determine that he would require RFA treatments every two years for the remainder of his life. (*Id.*, PageID # 317–18)

**i.  Ganzel**

Federal Rule of Civil Procedure 26(a)(2)(B) mandates that the disclosure of experts "retained or specially employed to provide expert testimony" be accompanied by a written report

---

[2] Additionally, the Court can "disregard" a "self-serving" affidavit, such as one submitted in response to a dispositive motion. *Reich v. City of Elizabethtown*, No. 3:16-CV-00429-RGJ, 2018 WL 6028719, at *5 (W.D. Ky. Nov. 16, 2018), *aff'd*, 945 F.3d 968 (6th Cir. 2019) ("If a witness, who has knowledge of a fact, is questioned during her deposition about that fact, she is required to 'bring it out at the deposition and [cannot] contradict her testimony in a subsequent affidavit.'" (alteration in original) (quoting *Holt v. Olmsted Twp. Bd. of Trs.*, 43 F. Supp. 2d 812, 817 (N.D. Ohio 1998))).  Ganzel's affidavit was signed eleven days after Defendants moved to exclude his testimony and, as previously discussed, contradicted his prior testimony. (*See* D.N. 28-1)

prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(C), in contrast, does not require a written report for other expert witnesses, such as treating providers. *See* Fed. R. Civ. P. 26(a)(2)(C). Terhune designated Ganzel as a treating-provider witness under Rule 26(a)(2)(C) and therefore did not provide a written report. (D.N. 20, PageID # 82–83)

"Rule 26(a)(2)(C) limits expert testimony to the 'core' of the patient's treatment, meaning what the physician learned through actual treatment and from the plaintiff's records up to and including that treatment." *Auto-Owners Ins. v. Aspas*, No. 3:16-CV-189-DJH-RSE, 2018 WL 4643190, at *4 (W.D. Ky. Sept. 27, 2018) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007); *Avendt v. Covidien Inc.*, 314 F.R.D. 547, 559 (E.D. Mich. 2016)). To determine whether a treating provider's testimony constitutes the "core" of the patient's treatment, courts consider:

> (1) whether the physician reached his conclusion at the time of treatment; (2) whether the opposing party would be surprised by the testimony; (3) whether the condition at issue leaves room for debate as to the specific ailment and its sources; (4) whether the physician relied upon ordinary medical training in drawing his conclusion; and (5) whether the physician will rely on tests, documents, books, videos, or other sources not relied upon during treatment.

*Auto-Owners Ins.*, 2018 WL 4643190, at *4 (quoting *Hinkle v. Ford Motor Co.*, No. CIV. A. 3:11-24-DCR, 2013 WL 1992834, at *2 (E.D. Ky. May 13, 2013)). If a treating provider offers testimony outside the core of treatment, exclusion is required "unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Id.* (quoting *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010)) (internal quotation marks omitted).

Terhune argues that Ganzel determined during treatment that he would need additional RFA procedures because Ganzel performed the procedure on him twice, in September 2019 and early 2021. (*See* D.N. 39-2, PageID # 358; D.N. 39-3, PageID # 361) In Terhune's medical

7

records, Ganzel stated that Terhune's first RFA procedure resulted in "90% improvement of his axial lower back pain," and he was therefore scheduled for follow-up only on an as-needed basis. (D.N. 39-3, PageID # 361)  The treatment notes also show that Ganzel told Terhune that the procedure "*may* need to be repeated at a period of anywhere from 6 months to 2 years." (D.N. 39-2, PageID # 360 (emphasis added))  Terhune therefore contends that there is no "surprise" or "room for debate," *Auto-Owners Ins.*, 2018 WL 4643190, at *4, surrounding Ganzel's opinion because it was formed during his treatment. (D.N. 39, PageID # 307–13)

Contrary to Terhune's assertions, however, Ganzel never opined in either his treatment notes or his deposition that Terhune would need to undergo RFA treatments every six to twenty-four months for the remainder of his life. (*See* D.N. 39-1; D.N. 39-2; D.N. 39-3)  Rather, Ganzel indicated in both his treatment notes and his deposition that the RFA procedure "may" need to be repeated if the pain recurred. (D.N. 39-2, PageID # 360; *see, e.g.*, D.N. 28-2, PageID # 219 (stating "chances are" Terhune would need the procedure again but that he "ha[d] no idea" how long the most recent procedure would last), 220 (responding "correct" when asked if Terhune "may never need" the procedure again))  Therefore, while Ganzel considered the *possibility* of future RFA procedures, there is no evidence that he concluded during treatment that Terhune would require RFA procedures at least every two years for the remainder of his life. *See Avendt*, 314 F.R.D. at 559–60 (excluding treating provider's expert opinion on plaintiff's future prognosis when the opinion was not formed at the time of treatment); *cf. Chancellor v. Church & Dwight Co.*, No. 5:20-CV-00145-TBR, 2021 WL 4524179, at *2 (W.D. Ky. Oct. 4, 2021) (determining that provider's testimony was within the "core" of treatment when a medical device was recommended during plaintiff's treatment).

8

Moreover, because Ganzel indicated in his treatment notes and deposition that future RFA treatments were only a possibility, admitting his opinion on the future cost of the treatments would constitute unfair surprise. *See Auto-Owners Ins.*, 2018 WL 4643190, at *4; *cf. Chancellor*, 2021 WL 4524179, at *2 (finding no surprise when defendants learned of treating provider's testimony "early in the dispute"). For the same reason, there is also "room for debate," *Auto-Owners Ins.*, 2018 WL 4643190, at *4, as to whether Terhune will require the RFA treatments in the future, particularly as there is no evidence that Ganzel has treated Terhune in over a year. (*See* D.N. 39-3) Further, in his deposition, Ganzel provided examples of other patients who needed or did not need several RFA treatments and cited literature from the Spine Intervention Society to demonstrate that the "range of effectiveness of an RF[A] procedure is anywhere from six months to 24 months, depending on the patient." (*See* D.N. 28-2, PageID # 217–19) Such anecdotal examples and literature are outside the "core" of Terhune's treatment. *See Auto-Owners Ins.*, 2018 WL 4643190, at *5.

In sum, the record indicates that Ganzel did not form an opinion during his treatment that Terhune would require future RFA procedures. (*See* D.N. 28-2; D.N. 39-2; D.N. 39-3) Because Ganzel's anticipated testimony lies outside the "core" of Terhune's treatment, *Auto-Owners Ins.*, 2018 WL 4643190, at *4, Rule 26 required a written expert report. *See* Fed. R. Civ. P. 26(a)(2)(C). Ganzel's opinion therefore must be excluded unless Terhune's failure to provide a written report "was substantially justified or harmless." Fed. R. Civ. P. 37(c). But Terhune offers no explanation for his failure to timely file a written expert report. (*See* D.N. 39) And this failure is not harmless, as even Terhune acknowledges that there was "remaining confusion" after Ganzel's deposition regarding Ganzel's opinion as to his need for future RFA procedures. (D.N. 28, PageID # 197)

9

Accordingly, the Court will exclude Ganzel's opinion as it relates to Terhune's need for future RFA procedures.  *See* Fed. R. Civ. P. 26(a)(2)(C).

### ii. Lampton

Terhune contends that even if Ganzel's opinion is excluded, the Court should find Lampton's opinion admissible because she relied on Terhune's medical records in forming her opinion.  (D.N. 39, PageID # 317–18)  As previously discussed, however, Terhune's medical records did not indicate that he would require RFA procedures every two years; rather, they recommended that Terhune return for the procedure if his pain recurred.  (D.N. 39-3, PageID # 361)  Moreover, when asked how she knew "how many more times" Terhune would require the procedure, Lampton stated that it "was something . . . Dr. Ganzel told [her]." (D.N. 28-4, PageID # 242)  Despite Terhune's assertion to the contrary, the evidence shows that Lampton relied on Ganzel's opinion in forming her own.  (*See id.*)

Because Lampton relied on Ganzel's opinion, her opinion must also be excluded.  *See* Fed. R. Evid. 702, 703.  While an expert witness may rely on inadmissible hearsay in forming an opinion, the Federal Rules of Evidence do not "permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible." *Momeni-Kuric v. Metro. Prop. & Cas. Ins. Co.*, No. 3:18-CV-00197-RGJ, 2019 WL 3416677, at *10 (W.D. Ky. July 29, 2019) (quoting *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994)).  Courts must "serve a gate-keeping function with respect to Rule 703 opinions to ensure 'the expert isn't being used a vehicle for circumventing the rules of evidence.'" *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992)); *see Jones ex rel. U.S. v. Mass. Gen. Hosp.*, 780 F.3d 479, 494–95 (1st Cir. 2015) ("An expert's testimony 'is not a vehicle by which evidence that is

otherwise inadmissible may be introduced.'"); *In re John Richards Homes Bldg. Co., L.L.C.*, 439 F.3d 248, 264 (6th Cir. 2006) ("[E]xpert testimony may not be used to establish underlying facts not otherwise in evidence."). The Court will therefore exclude Lampton's opinion as to Terhune's need for future RFA procedures. *See* Fed. R. Evid. 702, 703; *Momeni-Kuric*, 2019 WL 3416677, at *10.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 38) are **ADOPTED** in full and **INCORPORATED** herein.

(2)  Terhune's objection to the magistrate judge's recommendation (D.N. 39) is **OVERRULED**. Defendants' motion to exclude (D.N. 26) is **GRANTED**.

(3)  The Court requests that Magistrate Judge Lindsay schedule a status conference to set a final schedule, to include a trial date.

May 24, 2022

David J. Hale, Judge
United States District Court